**ZI YUAN ZHANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–1656–ag.

United States Court of Appeals, Second Circuit.

Nov. 14, 2006.

Benjamin B. Xue, New York, NY, for Petitioner.

Dunn Lampton, United States Attorney for the Southern District of Mississippi, Edward O. Pearson, Assistant United

States Attorney, Jackson, MS, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Zi Yuan Zhang, a native and citizen of a the People's Republic of China ("China"), seeks review of a March 9, 2006 order of the BIA affirming the October 7, 2004 decision of Immigration Judge ("IJ") William F. Jankun denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zi Yuan Zhang,* No. A95 457 289 (B.I.A. March 9, 2006), *aff'g* No. A95 457 289 (Immig. Ct. N.Y. City Oct. 7, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the conclusions of the IJ and upholds the IJ's adverse credibility finding, but does so for reasons other than those cited in the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA, provided that the BIA's supplemental findings do not extend beyond the scope of its review under 8 C.F.R. § 1003.1(d)(3)(i), (iv). *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 293, 296 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was materially flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong*

*Chen v. INS,* 359 F.3d 121, 129 (2d Cir. 2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir. 2006). Questions of law and the application of law to fact are reviewed *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ The IJ denied Zhang's asylum claim because he found Zhang did not file his application within one year of entry into the United States, and he did not demonstrate changed conditions or extraordinary circumstances warranting an exception to the filing deadline. Because Zhang does not raise the issue of the 1–year bar in his brief in this Court, that issue is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). In any event, the Court lacks jurisdiction to review the IJ's conclusions as to the timeliness of Zhang's application. *See* 8 U.S.C. § 1158(a)(3); *Joaquin–Porras v. Gonzales,* 435 F.3d 172, 178–80 (2d Cir.2006).

■ As to Zhang's claim to withholding of removal, the agency found Zhang not to be credible because he testified inconsistently with his asylum applications regarding "whether he was beaten by the police after he had taken some pictures." The agency's finding is based on substantial evidence in the record. Further, the agency considered Zhang's explanation for this and other inconsistencies between his testimony and his asylum applications— namely, that the preparers of those applications "twisted" his claim and made errors that Zhang asked them to correct but which he did not know whether they had corrected—and reasonably dismissed the explanation. The agency also found Zhang not credible because he indicated in his asylum application "that many of the 40–50 peasants who participated in the demon-

stration were arrested and that a number of them remain imprisoned," whereas he testified that only three people were arrested. The agency characterized the record accurately and its finding is a reasonable basis for determining that Zhang was not credible, given that this inconsistency, taken together with the inconsistency regarding when he allegedly took photos of the tree cutting and when he was beaten by the police, undermine the credibility of the sole event comprising his claim of persecution.

■ These findings alone are sufficient for us to uphold the IJ's decision because we can confidently predict the same outcome even if we agreed with Zhang as to the other flaws that he asserts with respect to the IJ's findings. *See Xiao Ji Chen*, 434 F.3d at 159–165. Because Zhang's CAT claim was predicated on the same objective likelihood of persecution needed to make out his withholding of removal claim, he similarly failed to establish eligibility for CAT relief. *Cf. Xue Hong Yang v. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.